# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN BONILLA, | CV F   04-5899 REC SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS ACTION (Doc. 1) |
| LOVE, et. al., | |
| Defendants. | |

Martin Bonilla ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 18, 2005, the Court issued an Order dismissing the case with leave to amend. Plaintiff was afforded thirty days in which to file an Amended Complaint curing the deficiencies outlined by the Court. However, more than thirty days passed and Plaintiff did not file an Amended Complaint or make any other contact with the Court.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these

1

1  Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
2  and all sanctions . . . within the inherent power of the Court."  District courts have the inherent
3  power to control their dockets and "in the exercise of that power, they may impose sanctions
4  including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d
5  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
6  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
7  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
8  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
9  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
10 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

11        In determining whether to dismiss an action for lack of prosecution, the Court must
12 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
13 Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
14 policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
15 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
16 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
17 this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this
18 case has been pending since June 29, 2004.  The Court cannot hold this case in abeyance
19 indefinitely awaiting compliance by Plaintiff.

20        The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a
21 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.
22 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
23 favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of
24 dismissal discussed herein.

25        Finally, the court's warning to a party that failure to obey the court's order will result in
26 dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik v. Bonzelet, 963
27 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424.  The Court's order dated
28 November 19, 2005, expressly stated that Plaintiff's failure to file an Opposition or Non-

Opposition would result in a recommendation that the action be dismissed for Plaintiff's failure to obey a court order and prosecute the action by filing an Amended Complaint.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the instant action filed pursuant to 42 U.S.C. § 1983 be DISMISSED and that the action CLOSED for Plaintiff's failure to comply with a Court Order and failure to state a claim upon which relief can be granted.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within five (5) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 10, 2006**          /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE